The defendant-appellant, Marvin Burns, appeals his conviction for burglary. For purposes of our review, we combine his two assignments of error, which challenge the weight and sufficiency of the evidence presented at his jury trial.
Where substantial evidence is presented by the state to support all elements of the charged offense and that evidence is sufficiently probative of guilt, this court will not reverse on either the sufficiency or the weight of the evidence. See Statev. Barnes (1987), 25 Ohio St.3d 203, 495 N.E.2d 922; State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The evidence presented in this case demonstrated that the burglary victim, Jessie Mae Kurry, upon coming home to her apartment, noticed that her apartment door had been kicked open and that her VCR and TV were stacked on the floor. Kurry also saw Burns in her kitchen in the process of disconnecting her microwave oven. Kurry's identification of Burns as the man she saw in her apartment was bolstered by the fact that Kurry had previously assisted Burns, who had been homeless. Although Burns tried to establish an alibi defense through the testimony of two witnesses, the jury chose not to believe either of them.
The record demonstrates that the state put forth sufficient evidence that Burns trespassed by force into Kurry's apartment with the intent to steal Kurry's TV, VCR, and microwave oven. We hold that the jury properly considered and weighed all the evidence when it found Burns guilty of burglary. Thus, Burns's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.
______________________ Presiding Judge